NO. 07-09-0021-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 30, 2009

_____


JULIUS C. BANKS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 426TH DISTRICT COURT OF BELL COUNTY;

NO. 63,762; HONORABLE FANCY H. JEZEK, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Julius C. Banks, Jr., was convicted by a jury of delivery by actual transfer of cocaine in an amount of one gram or more but less than four grams, enhanced. Punishment was assessed at thirty-five years confinement. In

presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw.  We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal.  *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008).  Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous.  *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).  Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a pro se response if he desired to do so, and (3) informing him of his right to file a pro se petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408.[2]  By letter, this Court granted Appellant an opportunity in which to exercise his right to file a response to counsel's brief, should he be so inclined.  *Id.* at 409 n.23.  Appellant did file a response.  The State filed a brief acknowledging counsel's conclusion that the appeal is frivolous.

---

[1]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[2]Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review.  *In re Schulman*, at 408 n.22 & at 411 n.35.

According to the indictment, the State was required to prove that Appellant delivered by actual transfer more than one but less than four grams of cocaine. Tex. Health & Safety Code Ann. § 481.112(c) (Vernon Supp. 2008). An actual transfer contemplates the manual transfer of property from the transferor to the transferee. *Heberling v. State*, 834 S.W.2d 350, 354 (Tex.Crim.App. 1992). A review of the record indicates that the evidence is legally and factually sufficient to support his conviction and no reversible errors are presented.

Appellant filed a pro se response seeking to raise medical issues as arguable grounds. His contention is not supported by any argument or authority. He has included a part of a petition for discretionary review in which he alleges ineffective assistance of trial counsel and lists "conflict of interest, duty to keep client informed, prompt action to protect the accused, and obligations to client and duty no communication." He attached a copy of an order of dismissal in another cause showing as grounds "Defendant pled guilty in companion case." He also included a copy of the Trial Court's Certification of Defendant's Right of Appeal reflecting he has the right of appeal in this appeal. Appellant's response does not raise any reversible error.

We too have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such

issues.  *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969).  After reviewing the record, counsel's brief, and Appellant's pro se response, we agree with counsel that there are no plausible grounds for appeal.  *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.